## Taylor *versus* Henderson.

*Evidence requisite to sustain a Parol Contract for the Sale of Land.*

1. A parol contract for the exchange of land must be proved by competent evidence. It cannot be inferred merely from the declarations of one of the parties.

2. Where there was no proof of such a contract between the alleged parties to it, nor any execution referable to that mode of transfer, nor any actual possession taken, and the claimant did not procure the assessment of the land claimed for taxes until fifteen or sixteen years afterwards, the subsequent declarations and acts of one of the parties are entitled to no consideration, and the jury should have been instructed that the plaintiff was not entitled to recover.

3. Where the deed to the defendant for the land claimed by the plaintiff had been given in evidence by him and was uncontradicted, but there was no proof that it was an execution of the alleged exchange on the part of one, nor of a conveyance in consideration thereof on the part of the other, it was held that there was no room to infer from it that a part of the land described in it had been acquired by the plaintiff in the alleged exchange.

ERROR to the Common Pleas of *Mercer county*.

This was an action of trespass *quare clausum fregit*, brought to January Term 1858, by Samuel Henderson, against Aaron Taylor, to recover damages for an alleged trespass on a tract of land in Worth township, containing about twenty acres, situate in the south-west corner of a tract of four hundred acres, warranted in the name of Jacob Fritz. The defendant pleaded *liberum tenementum*, so that the only controverted question was the title to the land.

The plaintiff claimed title under the North American Land Company, conveyed to him through Arthur Cullum. The defendant exhibited patents for four tracts of land from the Commonwealth to James Greenleaf, attorney for the North American Land Company, and conveyances for one hundred acres and allowance, in a square shape, out of these four tracts, from Greenleaf to Ludwick, from Ludwick to Kerr, from Kerr to Gibson, and from Gibson to Taylor, March 2d 1812. These deeds were recorded on the 16th of July 1851. The validity of Taylor's title to these one hundred acres, embracing the twenty acres in dispute, was not denied, but it was averred that persons named Baldwin and Barlow had purchased land from certain trustees of the North American Land Company, by deed dated November 28th 1816, recorded June 20th 1818, and afterwards made and exchanged with him, giving him, for it and the improvements, another one hundred acres out of the north-western corner of the four tracts, and including part of that which had before been in his possession; and also selling to him an additional one hundred acres out of the same tract, making together two hundred and three acres, for which a deed to him from

[Taylor v. Henderson.]

Baldwin and Barlow, dated April 15th 1825 and recorded July 16th 1851, was shown; but there was no deed shown from Taylor to them, for the land in dispute. Evidence was offered to show that subsequent to 1819, Aaron Taylor was assessed with two hundred acres; that in 1834 he was assessed, and that he returned the land in dispute not assessed to himself; that Baldwin and Barlow had sold the land in dispute, with others, by articles of agreement, to Lawrence Ellis, June 26th 1834, who took possession under the agreement; and that prior to this, fields on the disputed tract, which had been part of the improvement on the one hundred acres, had been abandoned by Taylor, and his fences moved over to the line of the tract purchased from Baldwin and Barlow, and that he had acknowledged himself out of possession of the disputed portion. The purchase from Baldwin and Barlow, of the two hundred and three acres, in 1825, was admitted by the defendant, but he denied that there ever was any such exchange as was averred by the plaintiff, asserting and proving that he had claimed the disputed piece afterwards, and had cut timber upon it.

Under the charge of the court, the jury found in favour of the plaintiff, assessing his damages at twelve dollars, and judgment having been entered thereon, the defendant sued out this writ. There were eighteen assignments of error by the plaintiff, all of which are disposed of in the opinion of this court.

*Stephenson* and *Foster*, for plaintiff.

*Griffith* and *Trunkey*, for defendant.

The opinion of the court was delivered, January 7th 1861, by
THOMPSON, J.—A careful consideration of the evidence has brought us to the conclusion that the plaintiff had no merit in his case, or rather had no case at all. We do not mean to discuss the evidence, but only to give the result of our consideration; nor to notice more than one of the exact " dozen and a half" of errors assigned in this case. That one is quite sufficient.

It has not been said anywhere, that a parol contract for an exchange of land need not be proved, but may be inferred from the declarations of one of the parties. The only distinction between that and the case of a sale seems to regard the manner of execution: Miles v. Miles, 8 W. & S.; Lee v. Lee, 9 Barr; and Christy v. Barnhart, 2 Harris.

Here there was neither proof of a contract between the parties to it, " face to face," nor such an execution of it as could be referable to that mode of transfer. If such a thing ever existed in the case before us as a contract of exchange, it is supposed to have had its birth more than forty years before the trial, and

[Taylor *v.* Henderson.]

one of the parties never took actual possession during that whole period, nor even had it assessed excepting a small portion embraced in the present controversy, and this not until fifteen or sixteen years after the alleged sale. The acts and declarations of Taylor are alone the evidence of the contract, and they begin many years after the alleged sale. This for the substratum, every word or act of his, seemingly inconsistent with ownership are hunted up, and no doubt often imagined, and given in evidence to strenghten the inference of sale. No man's property would be safe unless covered by actual possession all the time, as a shield against sayings which might be attributed to him. But as the exchange itself was not proved by competent evidence, namely, by some testimony that the parties to it had "face to face" contracted, these auxiliaries were of no consequence. Under any circumstances they would have been entitled to but little consideration—in the present to none whatever.

But what seems conclusive against the plaintiff below is the deed from Baldwin & Barlow to Taylor for the land it is alleged he was to get, in the exchange. It bears date in 1825, and is for 203 acres. One hundred of which the deed recites, *was for settlement*—the right which Taylor had bought, and the other was for the consideration of $150. This deed is unexplained—and it was given in evidence by the plaintiff, and negatived his entire theory. As it stood, there was no room to infer that one hundred acres of the two, had been acquired in the alleged exchange. Besides, it would be somewhat strange, if this deed was an execution of the parol contract on the one side, that there was no conveyance on the other. So confounding was this consideration, that it led the learned judge to a rather strange conclusion in accounting for it, namely; that as Taylor's title was not recorded, Baldwin and Barlow may have been ignorant of it!

But we pursue the argument no further. We fully concur with the plaintiff in error, that the fifth point of the defendant below should have been affirmed, viz. " that under all the evidence given in the case the plaintiff was not entitled to recover." As a chancellor would certainly have refused to decree the specific execution of the alleged contract under the evidence, so it would have been proper on part of the learned judge to have instructed the jury, that taking the plaintiff's evidence as true it was not sufficient to entitle him to a recovery, and in this case it was error not to have done so.

Judgment reversed.